FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/25/2017 9:08 AM
JAMIE SMITH
DISTRICT CLERK
E-200423

No. _____

| | | |
|---|---|---|
| MIRTA NEGRETE<br>  Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | JEFFERSON COUNTY, TEXAS |
| WAL-MART STORES TEXAS, L.L.C.<br>  Defendant. | §<br>§ | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MIRTA NEGRETE, hereinafter styled Plaintiff, complaining of WAL-MART STORES TEXAS, L.L.C., hereinafter styled Defendant, and for cause of action against said Defendant would respectfully show the Court as follows:

I.

Plaintiff designates that discovery in this cause of action shall be governed by Rule 190.3 discovery control plan (level 2) of the Texas Rules of Civil Procedure.

II.

Pursuant to Rule 47, Plaintiff MIRTA NEGRETE, seeks monetary relief in an amount over $100,000 but not more than $200,000.

III.

Plaintiff resides in Port Arthur, Jefferson County, Texas. Pursuant to CPRC §30.014(2), the last three numbers of Plaintiff's social security number are 301.

IV.

Defendant, WAL-MART STORES TEXAS, L.L.C., is a corporation, company,

1

Exhibit A

partnership, proprietorship or some such business entity. That said Defendant does business in the state of Texas and from time to time within the jurisdiction of this Honorable Court; that said Defendant may be served with process by serving its agent for service, C.T. Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas  75201.

**SERVICE IS REQUESTED AT THIS TIME.**

Plaintiff invokes Rule 28 of the Texas Rules of Civil Procedure, as appropriate.

V.

On or about August 24, 2015, in Port Arthur, Jefferson County, Texas, Plaintiff, MIRTA NEGRETE was a customer at Defendant, WAL-MART STORES TEXAS, L.L.C., located at 8585 Memorial Blvd., when she slipped and fell due to puddled water on the floor. There were no warning signs in or around the area. The incident resulted in the serious injuries and damages complained of herein.

VI.

On the occasion in question the Defendant was guilty of various acts, wrongs and omissions. Each and all constituted negligence and such negligence was a proximate cause of the injuries and damages of which Plaintiff complains.

In the alternative, Plaintiff would show that the Defendant owed a duty to the general public, including Plaintiff MIRTA NEGRETE, to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

Plaintiff was an invitee at the time of the injury, therefore the Defendant owed her a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises

to discover latent defects, and to make safe any defects or give an adequate warning of any dangers. Defendant's conduct and that of their agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. Defendant knew or should have known the conditions in its retail area created an unreasonable risk of harm to invitees, in that the Defendant knew or should have known of the danger of customers falling due to the dangerous condition described above. Defendant knew this condition caused an unreasonable risk of harm to persons such as the Plaintiff who would be frequenting their retail establishment. Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees, such as Plaintiff, regarding the dangerous condition. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages as described below.

VII.

As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff, MIRTA NEGRETE has suffered with severe and debilitating pain and injury to her left knee, with limited range of motion, muscle spasms, and soreness to the body in general. That because of such injuries she has suffered the following:

1. Reasonable and necessary medical expenses - past
2. Reasonable and necessary medical expenses - future
3. Loss of earnings and earning capacity - past
4. Loss of earnings and earning capacity - future
5. Physical impairment - past
6. Physical impairment - future

3

7. Physical pain - past

8. Physical pain - future

9. Mental anguish - past

10. Mental anguish – future

11. Disfigurement – past

12. Disfigurement – future

In this connection, Plaintiff would show the Court that the damages sought are within the jurisdictional limits of this Honorable Court, for which she sues the Defendant herein.

VIII.

Under Texas Rule of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a) through (l).

IX.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

X.

Plaintiff, MIRTA NEGRETE says that if in the event she had pre-existing conditions in her body prior to this incident that such conditions were painless and symptom-free, but because of the injuries she suffered in this incident, such conditions were lighted up, aggravated and precipitated.

4

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a trial of this cause that Plaintiff has and recovers of and from the Defendant judgment for the damages as may be deemed just and fair by the Court; that she has such judgment, together with all legal interest, including pre-judgment interest, costs of suit and for other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY:   /s/*JONATHAN C. JUHAN*
      JONATHAN C. JUHAN
      SBN: 11047225
      jonathanjuhan@sbcglobal.net
      J. J. BRAGG
      SBN: 00790356
      jjbragglaw@att.net
      Attorneys for Plaintiff
      985 I-10 North, Ste. 100
      Beaumont, TX 77706
      409/832-8877 - Telephone
      409/924-8880 - Facsimile